# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**KEVIN MILLER,**
**Claimant Below, Petitioner**

**FILED**
**March 6, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-180      (JCN: 2020024251)**

**GRANT COUNTY MULCH, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kevin Miller appeals the September 21, 2022, order of the Workers' Compensation Board of Review ("Board"). Mr. Miller's employer, Respondent Grant County Mulch, Inc., filed a timely response.[1] Mr. Miller filed a timely reply.

The issue on appeal is whether the Board erred in affirming the claim administrator's order that denied the addition of cervicalgia, spondylosis without myelopathy or radiculopathy lumbar region, spondylosis without myelopathy or radiculopathy thoracic region, and other deforming dorsopathies as compensable components of Mr. Miller's Workers' Compensation claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Miller was injured on May 6, 2020, while employed by Grant County Mulch, Inc. Mr. Miller was operating a forklift and hit a large hole, which jarred him and caused pain from his neck to his tailbone. Mr. Miller had also suffered a prior back injury in 2012.

Mr. Miller was seen, on the same day as his injury, at Preston Healthcare Services. He complained of pain in the cervical, thoracic, and lumbar spine. Mr. Miller was diagnosed with cervicalgia, pain in the thoracic spine, and low back pain. X-rays of the cervical, thoracic and lumbar spine were completed, which revealed mild cervical curvature, mild thoracolumbar curvature, and degenerative disc disease in the thoracic and lumbar spine areas. A request for authorization for MRIs of the cervical, thoracic and

---

[1] Petitioner is represented by Sandra K. Law, Esq. Respondent is represented by Jane Ann Pancake, Esq. and Jeffrey B. Brannon, Esq.

1

lumbar spine, as well as a request for referral to the Spine Center, were submitted to the claim administrator.

Mr. Miller returned to Preston Healthcare Services ten times between May 19, 2020, and February 17, 2021. He indicated that he was still experiencing pain in the cervical and lumbar spine areas, and he was now experiencing numbness and pain in the upper and lower extremities. Mr. Miller also stated that he had difficulty walking and standing at times.

On June 2, 2020, the claim administrator issued an order holding the claim compensable for cervical strain/sprain.

Mr. Miller underwent an MRI of the cervical spine on June 7, 2020. The MRI was unremarkable.

Elysia Stoneman, NP, submitted a Diagnosis Update Form dated November 9, 2020, which requested that diagnoses of cervicalgia, spondylosis without myelopathy or radiculopathy lumbar region, spondylosis without myelopathy or radiculopathy thoracic region, and other deforming dorsopathies be added as compensable components of the claim.

Mr. Miller underwent MRIs of the thoracic and lumbar spine on December 3, 2020. The thoracic MRI revealed arthritic changes. The lumbar MRI revealed disc bulges at L3-4 and L4-5 and other degenerative changes.

On December 18, 2020, Mr. Miller was evaluated by Meredith C. Liddle, PA-C. Mr. Miller reported numbness in his hand; a pain rating of 9-10/10; and that prolonged lying, sitting, standing and any physical activity exacerbated the pain. Ms. Liddle's examination revealed pain in the cervical spine with range of motion, and weakness in the muscle groups tested, a flat affect, and chronic back pain, and recommended a pain management referral.

Mr. Miller was seen on March 10, 2021, by Chuan Fang Jin, M.D., for an independent medical examination at the request of the claim administrator. Dr. Jin noted a history of a mechanical incident at work on May 6, 2020. Dr. Jin diagnosed Mr. Miller with cervical sprain/strain, preexisting degenerative disc disease involving the spine, and chronic pain. Dr. Jin calculated a range of motion impairment of 15% whole person impairment, but then opined that Mr. Miller's limited range of motion of the spine was likely a mix of pain, fear of pain, and preexistent degenerative spine disease, so she found that Mr. Miller had 0% whole person impairment for the compensable injury.

The claim administrator issued an order dated October 13, 2021, denying the addition of cervicalgia, spondylosis without myelopathy or radiculopathy lumbar region,

spondylosis without myelopathy or radiculopathy thoracic region, and other deforming dorsopathies as compensable components of the claim.

On September 21, 2022, the Board affirmed the claim administrator's order and found that the medical evidence did not establish that the compensable injury was related to the additional diagnoses and that Mr. Miller was not entitled to the presumption under *Moore v. ICG Tygart Valley, LLC,* 247 W. Va. 292, 879 S.E.2d 779 (2022) (if a preexisting condition was asymptomatic prior to the workplace injury and symptoms have continuously manifested after the injury, it is presumed that the disability resulted from the compensable injury). Mr. Miller now appeals the order of the Board.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, Mr. Miller argues that the Board misapplied *Moore* and that he is entitled to the presumption under *Moore* because his prior injury and preexisting degenerative disc disease were asymptomatic.

The Supreme Court of Appeals held that,

> A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting

3

injury results in a discrete new injury, that new injury may be found compensable.

Syl. Pt. 3. *Gill v. City of Charleston*, 236 W.Va. 737, 783 S.E.2d 857 (2016).

In *Moore*, the Supreme Court of Appeals held that,

[a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards.

Syl. Pt. 5. *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022*).*

Further, in *Moore*, the Court clarified that even if a claimant is entitled to this rebuttable presumption, "a claimant has the burden of proving that the compensable injury exacerbated, accelerated, or worsened the preexisting injury or disease causing a new distinct injury." *Id.*, 879 S.E.2d. at 788.

After review, we conclude that the Board was not clearly wrong in finding that Mr. Miller is not entitled to the presumption in *Moore* as the evidence submitted by the employer rebutted the presumption. The Board did not err in finding that cervicalgia is another name for neck pain, which is a symptom and, therefore, not an appropriate compensable condition in this claim. Regarding lumbar spondylosis without radiculopathy, thoracic spondylosis without radiculopathy and "other deforming dorsopathies," the Board did not err in finding that these conditions preexisted the compensable injury and were not discrete new injuries as required by *Gill*.

Finding no error in the Board's September 21, 2022, order, we affirm.

Affirmed.

**ISSUED:** March 6, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4